■ In the Matter of the Arbitration between CITY OF SCHENECTADY, Appellant, and CITY OF SCHENECTADY PATROLMEN'S BENEVOLENT ASSOCIATION, Respondent.—Main, J. P. Appeal from an order of the Supreme Court (Dier, J.), entered February 26, 1987 in Schenectady County, which, *inter alia,* dismissed petitioner's application pursuant to CPLR 7511 to vacate an arbitration award.

Petitioner appeals from an order dismissing its application to vacate an arbitration award under CPLR 7511. The arbitration between the parties arose after petitioner's Police Chief ordered eight police officers to report to the Police Surgeon for a physical examination to certify illnesses. The Police Chief took this action because the officers previously had called in sick a sufficient number of times to require certification of illness pursuant to the agreement between petitioner and respondent. At the time of the Police Chief's order, however, none of the officers were on sick leave.

Respondent filed a grievance over the order, claiming that it violated the contract because it was issued while none of the officers was on sick leave. After exhausting the grievance procedure, respondent demanded arbitration pursuant to the contract. Respondent claimed that the contract required certification of sickness while an officer was on sick leave and that certification after the fact served no legitimate purpose. Petitioner claimed that the contract did not limit its authority to have officers examined and that once the prescribed number of sick calls was exceeded, it could require officers to report to the Police Surgeon regardless of whether the officer had called in sick at that time.

The arbitrator concluded that petitioner violated the contract, and that the contract required the order to report to the Police Surgeon to be made while an officer was on sick leave, even if the examination occurred at a later time. To order an examination after an officer returned to work was "superfluous", concluded the arbitrator, as there was then nothing about an illness to certify. The arbitrator added that any administrative problems that might result from such a system were not sufficient to alter the contract right at issue. For its violation, petitioner was ordered to remove the Police Chief's order from the officers' personnel files.

Petitioner requested clarification of the award under CPLR 7509, but the arbitrator declined to take any such action, finding no authority to do so. This proceeding was commenced to vacate the arbitrator's award under CPLR 7511 (b). Respondent answered and sought confirmation of the award pursuant to CPLR 7511 (e). Supreme Court dismissed the petition and confirmed the award, finding that the arbitrator neither exceeded his powers nor imperfectly executed them so as to require vacatur of the award. This appeal by petitioner followed.

We find no reason to disturb the order appealed from. Our review of the record convinces us that there is no merit to petitioner's claims that the arbitrator exceeded his power and that the award was so imperfectly executed that a final and definite award was not made. It is evident that the award was not irrational and against public policy and, therefore, in excess of the arbitrator's authority as claimed by petitioner. The parties submitted a single, well-defined issue to the arbitrator, who simply answered the question and fashioned a remedy. The award does not give respondent's members control over their own sick leave, but merely defines the scope of petitioner's authority to order certification examinations un-

der the contract. By only restricting the time when petitioner may order a certification examination, the arbitrator did not rewrite the sick leave provisions as suggested by petitioner.

Likewise, there is no merit to petitioner's claim that the award was so imperfectly executed that a final and definite award upon the issue was not made. It is apparent that petitioner's arguments largely stem from a misreading of the arbitrator's award. A certification examination under the award can be ordered after the permitted number of call-ins or absences are exceeded and while the subject officer is on sick leave. The crucial factor, missing in the instant case, is that the examination order be given while the officer is on sick leave. In this regard, the parties' contract requires an officer's cooperation with the Police Surgeon and seems to authorize an immediate examination of an officer and visits by the Police Surgeon to the officer. Thus, under the award, petitioner retains wide latitude to conduct certification examinations and cannot plead otherwise.

Finally, assuming that petitioner's arguments for modification of the award under CPLR 7511 (c) are properly before this court, we find no errors of the kind described which would permit modification.

Order affirmed, with costs. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.